IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

PATRICK DUNN and HOPE ELLY,

     Plaintiffs,

v.                                  CASE NO. 5:18cv95-RH/GRJ

PIER PARK, LLC and SIMON PROPERTY
GROUP, L.P.,

     Defendants.

_____/

## ORDER DENYING THE MOTION TO DISMISS

This case arises under the Americans with Disabilities Act. The complaint alleges that the plaintiffs are individuals with disabilities and that the defendants are the owner and operator of a large outdoor shopping mall, Pier Park, in Panama City Beach, Florida. The defendants have moved to dismiss, asserting that the plaintiffs lack standing. This order denies the motion.

A motion to dismiss may assert a "facial" or "factual" attack on standing. On a facial attack, the complaint's factual allegations about standing must be accepted as true. On a factual attack, in contrast, the court may consider evidence and

resolve factual disputes. *See*, *e.g.*, *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335-36 (11th Cir. 2013). Here the motion to dismiss asserts only a facial attack.

In *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), the Supreme Court said the "irreducible constitutional minimum of standing contains three elements." First, the plaintiff "must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* (internal quotation marks and citations omitted). Second, "there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Id.* (internal quotation marks, ellipses, and brackets omitted). Third, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* (internal quotation marks omitted).

The complaint is sufficient to meet these standards. Factors that inform the analysis of whether an ADA plaintiff has sufficiently alleged a future injury include the proximity of the defendant's business to the plaintiff's residence; the plaintiff's past patronage of the defendant's business; the definiteness of the

plaintiff's plan to return; and the frequency of the plaintiff's travel near the defendant's business. *See Houston*, 733 F.3d at 1327.

The plaintiffs allege that they visit Panama City Beach at least annually, intend to return in the future, have themselves encountered the ADA violations at Pier Park that are the subject of the complaint, and will encounter those violations again on future visits unless the conditions are corrected. The defendants seem to doubt these assertions, noting that the plaintiffs do not live in Panama City Beach and have not specified the dates when they will return. The complaint alleges that the plaintiffs live in Alabama, just over 100 miles from Panama City Beach.

That the owner and operator of Pier Park would doubt its capacity to draw customers from this far away is curious. So is the assertion that one who does not know the date of the next trip to a regularly visited location must not really plan to go back there at all. In any event, a defendant cannot succeed on a facial jurisdictional challenge by taking issue with the truth of the plaintiff's factual allegations.

The defendants cite cases they say are to the contrary, but most involve factual attacks on standing or significantly different allegations.

It may or may not be true that these plaintiffs have regularly visited Pier Park in the past, encountering these alleged ADA violations, and are reasonably

certain to do so again. This is not an issue that can be resolved on this motion to dismiss. Accordingly,

IT IS ORDERED:

The motion to dismiss, ECF No. 12, is denied.

SO ORDERED on June 21, 2018.

s/Robert L. Hinkle<br>
United States District Judge